UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN C. PATTERSON,

    Petitioner,

vs.                      Case No. 5:11-cv-425-Oc-99TBS

WARDEN, FCC COLEMAN-MEDIUM,

    Respondent.
_____

## OPINION AND ORDER

### I. Status

Petitioner John C. Patterson initiated this action while incarcerated at the Federal Correctional Complex, located in Coleman, Florida, by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) on July 25, 2011. Petitioner is proceeding on his Amended Petition (Doc. #7), filed October 3, 2011. The Amended Petition challenges Petitioner's sentence imposed for his plea-based conviction for violating 21 U.S.C. § 841 and § 846. Amended Petition at 2. More specifically, Petitioner asserts that "he is serving a[n] unconstitutional sentence, in violation of the United States Sentencing Guidelines (USSG) Section § 1B1.3." Id. at 12. To the extent discernable, Petitioner contends his state court sentences of "58 months and 15 days should have run concurrently with his 30

year federal sentence, because all of his state charges were connected from 1990-2003." Id. at 3.[1]

Respondent filed a Response to the Amended Petition (Doc. #9, Response) on March 20, 2012, and seeks dismissal of the Amended Petition on the grounds that Petitioner is improperly attempting to use § 2241 to attack the validity of his federal sentence. Response at 7. Respondent submits an exhibit in support of the Response (Attachment A). Petitioner filed a Reply to the Response (Doc. #10, Reply) on April 6, 2012. Also pending before the Court is Petitioner's Motion to Supplement Amended Petition (Doc. #11, Motion) filed on June 7, 2012, and Respondent's Response in opposition to the Motion (Doc. #16), filed on July 23, 2012.[2] For the reasons more fully set forth herein, the Court finds the Amended Petition should be dismissed.

## II. Background

On March 19, 2003, Petitioner was indicted in the Middle District of Florida, Orlando Division, and charged with conspiracy to possess with the intent to distribute and to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine

---

[1]Petitioner identifies the following state cases and time served for which he contends he was entitled to credit: CRC-93-3355C-FAES, 210 days; CRC-95-35376C-FAES, 210 days; CRC-96-31499C-FAES, 180 days; CRC-96-35272C, 364 days; CRC-00-30983C-FAES, 366 days; and CRC-00-35313C-FAES, 14 months. Amended Petition at 11.

[2]Contrary to Local Rule 3.01(c), Petitioner filed a Reply to the Response in opposition to the Motion (Doc. #17, Reply) without obtaining leave of Court. The Court will strike the Reply.

hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 in Criminal Case No. 6:03-cr-00065. Cr. Doc. #1.[3] On June 24, 2003, Petitioner entered a guilty plea pursuant to a plea agreement. Cr. Docs. ##197-98. On October 6, 2003, the district court adjudicated Petitioner guilty and sentenced Petitioner as a career offender to 360 months imprisonment; five years supervised release to include drug treatment and testing; 125 hours community service; and $100 special assessment. Cr. Docs. #280, #290. Petitioner's sentence was calculated under USSG § 4B1.1, his statutory sentence pursuant to 21 U.S.C. § 841(b)(1)(A) was 10 years to a maximum of life; his total offense level was 38 and criminal history category was VI; his guideline range was 360 months to life imprisonment. Attachment A at 20.[4]

Petitioner filed a direct appeal, Cr. Doc. #291, claiming as his sole ground for relief that the district court had erred in sentencing him as a career offender because his qualifying convictions for crimes of violence had occurred on dates

---

[3] Citations to the record from Petitioner's underlying criminal conviction at case number 6:03-cr-65-Orl-19GJK will be designated "Cr. Doc. # _ ."

[4] Petitioner's career offender status was predicted upon the fact that "[t]he offense of conviction is a controlled substance offense and the [Petitioner] had at least two prior convictions of either a crime of violence or a controlled substance offense." Attachment A at 3, ¶44. The offenses identified were: battery on a law enforcement officer, case number CRC95-35376CFAES; attempted aggravated battery without a firearm, case number CRC96-31474CFAES; and felony battery, case number CRC98-32131CFAES. Id.

encompassed by the twelve-year drug conspiracy for which he had been sentenced. On March 11, 2004, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal based "due to valid appeal waiver" contained in Petitioner's plea agreement. Cr. Doc. #371. Petitioner petitioned for *certiorari*, and the Supreme Court remanded Petitioner's case for further consideration in light of United States v. Booker, 543 U.S. 220, 226-36, 125 S. Ct. 738, 746-51 (2005). Crim. Doc. #414. After further proceedings in which Petitioner belatedly challenged the constitutionality of the United States Sentencing Guidelines, the Eleventh Circuit Court of Appeals, finding Petitioner was not entitled to appeal under the exception because his "sentence does not exceed the relevant statutory maximum," reinstated its May 27, 2005 order of dismissal. Cr. Doc #414.

On November 21, 2005, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (case no. 6:05-cv-01734-Orl-19JGG), Cr. Doc. #437, which the district court denied without prejudice based on Petitioner's failure to submit his motion on the appropriate form. Cr. Doc. #460. On May 1, 2006, Petitioner filed another § 2255 motion rasing four grounds for relief challenging his sentence and claiming that his guilty plea had been involuntary. Cr. Doc. #475. The district court denied the motion, ruling that Petitioner had voluntarily pled guilty and that it

remained bound by the dismissal of the Eleventh Circuit Court of Appeals, based on Petitioner's plea agreement. Cr. Doc. #485.

On February 11, 2008, Petitioner filed a document entitled, "Motion for Recusal and Motion to Correct the Record", citing Fed. R. Crim. P. 36, Fed. R. Civ. P. 60(a), and 5 U.S.C. § 552(a). Cr. Doc. #505. In support Petitioner submitted a "notice of Reconstruction of Events by Truth Affidavit." Cr. Doc. #506. Petitioner claimed that the district judge's impartiality might be questioned, and there was "fraud on the court" asserting as a basis that he had "withdrawn his guilty plea" and, "off the record," "reluctantly agreed to a bench trial," after which he was "found guilty of all counts." Cr. Doc. #505. Petitioner further claimed that when he informed the district court of his intent to appeal, "all the relevant portions of the record verifying that a bench trial occurred [were] purged from the record." Id. As relief, Petitioner requested the immediate reassignment of his case to another district judge. Id. The district court denied Petitioner relief, finding that, "no secret, off-the-record proceedings, such as a bench trial, were held in [the] case." Cr. Doc. #507. Finding Petitioner's contentions "meritless," the district court noted that Petitioner had challenged the voluntary nature of his guilty plea in prior proceedings but never alleged that the court had conducted "a 'secret' bench trial." Id. On March 11, 2008, Petitioner filed a notice of appeal. Cr. Doc #521. On November

10, 2008, the Eleventh Circuit Court of Appeals affirmed the decision of the district court. Cr. Doc. #567.

Thereafter, on September 14, 2009, Petitioner filed a "Motion for Credit for Time Served Pursuant to U.S.S.G. §5G1.3," claiming he was entitled to a sentence reduction pursuant to United States Sentencing Guideline Section 5G1.3(b). Cr. Doc. #622. Petitioner advanced a virtually identical claim he makes in the Amended Petition *sub judice*. See generally Id. On September 9, 2009, the district court denied Petitioner's motion. Cr. Doc. #623.

### III. Discussion

Title 28 U.S.C. § 2241 provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner is challenging the validity of his 360 month sentence. Thus, the Court must first determine whether Petitioner is entitled to relief under § 2241.

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the Eleventh Circuit prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute of limitations.

Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

Petitioner recognizes that he no longer has any remedies available under § 2255, so he files the Petition under § 2241. Amended Petition at 3 (stating "Petitioner has exhausted all of his section 2255 motion remedies and therefore, a section 2255 motion is inadequate and ineffective."). According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). A prisoner may not use the savings clause simply to circumvent the restrictions on filing a second or successive motion. Id. Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(quoting Wofford, 177 F.3d at 1244). A petitioner must meet each element of this test. Dean v. MacFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Once the "savings clause" of § 2255 open the portal to a § 2241 proceeding, the proper inquiry is whether the petitioner can establish actual innocence of the crime for which he has been convicted. Wofford, 177 F.3d at 1244, n. 3. Furthermore, it is

important to note that actual innocence means factual innocence, not mere legal insufficiency. Darby, 326 F.3d at 1366.

Here, Petitioner is not entitled to relief under § 2241 because he does not allege, yet alone satisfy, any of the elements set forth in Wofford. Indeed, Petitioner does not challenge his 2003 conviction. Instead, Petitioner seeks to challenge only the sentence imposed by the district court. See generally Petition. According to the Eleventh Circuit Court of Appeals the only sentencing claims "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Wofford, 177 F.3d at 1245; see also Edwards v. Warden, FCC Coleman-Medium, 432 F. App'x 897, 899 (11th Cir. 2011)("There is no precedent in this circuit for applying the savings clause to sentence claims.").

In Reply, Petitioner in conclusory terms claims, and for the first time, now argues he is "actually innocent of being a career offender" because the underlying predicate offenses which formed the basis of career offender designation were allegedly invalidated by U.S. v. Johnson, 130 S.Ct. 1265 (2010). Reply at 2. Notably, Petitioner did not raise a claim of actual innocence in his Amended Petition. See generally Amended Petition. Claims raised for the first time in a reply brief are not deemed properly before the Court. U.S. v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004)(collecting cases).

Nonetheless, the Eleventh Circuit's *en banc* decision in Gilbert v. United States, 640 F.3d 1293, 1305 (11th Cir. 2011) forecloses Petitioner's claim. In Gilbert, the Eleventh Circuit held "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Specifically, the appellate court rejected a federal prisoner's claim that he was incorrectly sentenced as a career offender under § 4B1.1 based on a retroactively applicable Supreme Court decision holding one of his predicate offenses did not satisfy the definition of a "crime of violence" in § 4B1.2(a). Id. at 1314-17.

Here, the statutory maximum for Petitioner's offenses is life imprisonment, so his 360-month total sentence falls within the statutory range of imprisonment for his offense. See 21 U.S.C. § 841(b)(1)(A). Thus, to the extent that Petitioner now asserts a claim of actual innocence, his claim falls squarely within the category of claims foreclosed by Gilbert. Further, Petitioner's argument that his predicate offenses are "related" within the meaning of the Guidelines is not cognizable on collateral review. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Lancaster v. Warden, FCC Coleman-Medium, 433 F. App'x 783, 784 (11th Cir. 2011). Consequently, based upon the foregoing, the

instant action is a successive petition and this Court is without jurisdiction to consider the merits of the Amended Petition.

To the extent that Petitioner contends that the Bureau of Prison has failed to properly administer his sentence, the Amended Petition must be dismissed. Whether a federal inmate is entitled to receive credit for time served under USSG § 5G1.3 "is, in the first instance, an administrative, not a judicial function." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Nonetheless, credit for time served may be properly sought under 28 U.S.C. § 2241, but only after the exhaustion of administrative remedies. Id.; see also, U.S. v. Pruitt, 417 F. App'x 903, 904 (11th Cir. 2011). Here, Petitioner admits that he did not present his ground for relief to the Bureau of Prisons. Amended Petition at 3. "[E]xhaustion of administrative remedies is jurisdictional." Gonzalez v. U.S., 959 F.2d 211 (11th Cir. 1992). Consequently, in the alternative, the Petition must be dismissed because Petitioner has failed to exhaust his claim with the Bureau of Prisons.[5] See U.S. v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990).

ACCORDINGLY, it is hereby

**ORDERED:**

---

[5] The Attorney General has the authority to determine what credit, if any, is due a prisoner for time served, and the Attorney General has delegated the right to make this determination to the Bureau of Prisons. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995).

1. The Amended Petition for Writ of Habeas Corpus (Doc. #7) is **DENIED with prejudice** to the extent that Petitioner is challenging his sentence. To the extent that the Amended Petition is challenging whether Petitioner is entitled to time served, the Amended Petition is **DISMISSED without prejudice as unexhausted.**

2. Petitioner's Reply to Respondent's Response filed in Opposition to the Motion to Supplement (Doc. #17) is **stricken**, and the Motion to Supplement Amended Petition (Doc. #11) is **DENIED as moot.**

3. The Clerk of Court shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Orlando, Florida, on this 14 day of February, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record